363 So.2d 19 (1978)
Barry M. SEINFELD, Appellant,
v.
Roberta S. SEINFELD, Appellee.
No. 77-1507.
District Court of Appeal of Florida, Third District.
September 19, 1978.
Rehearing Denied October 23, 1978.
Mason & Meyerson and William John Mason, Miami, for appellant.
Orr, Nathan & Williams, Milton M. Ferrell, Miami, for appellee.
Before PEARSON, BARKDULL and HUBBART, JJ.
PER CURIAM.
This is an appeal by the father from an award of child support in a final judgment *20 for dissolution of marriage.[1] The husband, in his brief, abandoned his contest of an alimony award because, as stated therein, the wife remarried before the filing of the brief and the husband was automatically relieved of the payment of further alimony.
As acknowledged by the appellant husband, the test to be applied in review of dissolution of marriage cases is whether the judgment of the trial court is supported by competent evidence. See Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). Based thereupon the appellant states the question presented to be: "... whether under any reasonable view of the Record ..., absent Wife's compliance with Rule 1.611 [Fla. R.Civ.P. 1.611(a)[2]], is there competent evidence to sustain the Chancellor's [sic] awards?"
In our view, the record does contain competent evidence to support the amount of child support awarded. We decline to hold that the wife's failure to file the affidavit required by the Florida Rules of Civil Procedure requires reversal of the award of child support. Admittedly, this is a serious matter and one for which a trial judge may well impose sanctions where the failure is brought to the trial judge's attention. Appellant does not point to any claim of prejudice in the trial court by the failure to file the affidavit. A great deal of discretion is accorded the trial judge in the conduct of dissolution proceedings. See Nystrom v. Nystrom, 105 So.2d 605 (Fla.2d DCA 1958). In the present case, where the failure of the wife to file the affidavit was not made an issue in the trial court, we do not think that it is sufficient to take this case out of the application of the rule enunciated in Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
Affirmed.
BARKDULL, Judge, dissenting
I respectfully dissent. Counsel for the husband objected to the trial court going *21 forward without the affidavit in question. The following is found in the record:
* * * * * *
"MR. MASON: May I interject an objection?
* * * * * *
"THE COURT: State the basis of the objection.
"MR. MASON: This indicates she is going to lump some figures together to give us a total.
There would be no way to intellectually examine that answer for a violation of the Best Evidence Rule, which would be the affidavit  you know  Rule 1.611.
"THE COURT: Overruled."
* * * * * *
I would reverse the award of child support and return the matter to the trial court for an appropriate hearing after the appellee had complied with Fla.R.Civ.P. 1.611(a), which reads in part as follows:
* * * * * *
"* * * Every application for temporary alimony, child support, attorneys' fees or suit money shall be accompanied by an affidavit specifying the party's financial circumstances. The affidavit shall be served at the same time that notice of hearing on the application is served. The opposing party shall make an affidavit about his financial circumstances and shall serve it before or at the hearing. If no application for a temporary award is made, the parties shall make and serve the affidavits at least 10 days before the trial if permanent alimony, child support, attorneys' fees or suit money is sought. * * *" [emphases added]
* * * * * *
"Shall" is normally mandatory in Florida. See: Neal v. Bryant, 149 So.2d 529 (Fla. 1962); S.R. v. State, 346 So.2d 1018 (Fla. 1977).
NOTES
[1] The trial judge found:

"4. The net worth of the Respondent/Husband is approximately $400,000.00. The Court notes that the testimony of the court-appointed Certified Public Accountant, Leonard Safra, does not differ materially from the testimony offered by the Respondent's personal accountant, Murray Gottlieb, except that the latter was able to provide an opinion only as to the Respondent's interest in his professional association and the pension fund established by the professional association. The Respondent was unable to provide any testimony concerning the Respondent's personal net worth exclusive of the professional association and its pension fund, whereas the opinion of Mr. Safra encompassed all assets in which the Respondent has a financial interest. Further, as to those assets about which both accountants were able to render opinions, Mr. Safra estimated the Respondent's interest in his professional association to be approximately $150,000.00 on April 7, 1977, whereas Mr. Gottlieb estimated that interest to be approximately $132,000.00 on January 31, 1977. This testimony is not irreconcilable in light of the dates on which the opinion is rendered, nor are the amounts substantially and materially different.
"5. The financial needs of the Wife and the two minor children after considering her present income are $700.00 per week of which $467.00 is specifically determined to be child support for the parties' two minor children, and $233.00 of which is for the support and maintenance of the Wife.
"6. The Court finds that the Husband has the ability to pay the amount set forth in paragraph 5 herein.
"7. The income tax returns of the parties are presently being audited or may be audited in the future."
[2] Fla.R.Civ.P. 1.611(a) reads as follows:

"(a) Financial Statement. Every application for temporary alimony, child support, attorneys' fees or suit money shall be accompanied by an affidavit specifying the party's financial circumstances. The affidavit shall be served at the same time that notice of hearing on the application is served. The opposing party shall make an affidavit about his financial circumstances and shall serve it before or at the hearing. If no application for a temporary award is made, the parties shall make and serve the affidavits at least 10 days before the trial if permanent alimony, child support, attorneys' fees or suit money is sought. If a party is not represented by an attorney, sufficient time will be allowed the party to prepare the required affidavit at hearing or trial. The affidavits shall be in substantially the form approved by the Supreme Court. On the request of either party the affidavits and any other financial information may be sealed."