BERANEK, Judge.
This is an appeal by the wife and cross-appeal by the husband from a final judgment of dissolution of marriage. The wife seeks review of the division of certain real estate holdings and the amount of child support. Husband challenges the court’s award of costs and attorneys’ fees. We affirm.
The parties were married in 1953 and separated in 1976. During the marriage, three children were born, and at the time of the final hearing, the 15-year old daughter was residing with the wife. The other children had reached majority and no longer resided with their parents. Both the husband and wife were 47 years old at the time of the hearing.
The parties had a high standard of living and were well off financially. In 1956 the husband had purchased an automobile dealership in Fort Pierce from the wife’s father. The purchase price was $23,000. The business did well and in 1960 was incorporated under the name of A1 Johnson Motors, Inc. The husband and wife each owned 50 shares of stock in the corporation. The stock in the corporation was divided among the parties and their three children in 1968.
At the time of the final hearing, the parties owned the automobile dealership and the vacant lot behind it. They also owned a building and property leased to Sambo’s Restaurant including a parking lot to the same restaurant. A vacant lot behind the restaurant and a marital home were also titled in the parties’ names. The rental income from these sources was being *193 equally divided after payment of mortgages and related expenses. At the time of the hearing, the husband had been voted out of control in the automobile dealership and had been relieved of his position as manager and president. The husband was attempting to enter upon a real estate career. The wife had assumed husband’s former position in the automobile dealership and was earning a salary. The wife testified that the expenses directly relating to the minor daughter were $156.75 per week.
In the final judgment, the trial court awarded the wife the automobile dealership property and the marital home. The husband was awarded the vacant lot behind the automobile dealership, the Sambo’s Restaurant property and parking lot and the vacant lot to the rear. The court awarded custody of the minor child to the wife and ordered the husband to pay child support of $25.00 per week plus one-half of the private school tuition for the child’s education. The court awarded attorneys’ fees to the wife of $5,000 and costs.
During the trial, the parties stipulated that the trial court could make an equitable distribution of all jointly owned properties. This request was also contained in the pleadings of the parties. In the final judgment, the trial court stated as follows:
. After division of the property as hereinafter set forth, she [the wife] has assets having a net worth substantially equal to that of the petitioner and she has an income and earning capacity substantially equal to that of the petitioner.
Although we might well have arrived at a different conclusion, the trial court here was vested with the discretion normally possessed by a trial judge under the dictates of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), and with the additional discretion created by the stipulation of the parties. As such we conclude that the wife has failed to demonstrate reversible error in regard to the child support and the property division. These awards are thus affirmed.
As to the award of attorneys’ fees which is contested by the husband, the court stated as follows:
As to the matter of respondent’s request for attorney’s fees, the Court finds from the evidence that the husband is guilty of vexatious, wanton and oppressive conduct, thus justifying the application of the court’s inherent equitable authority. The Court therefore awards the wife the sum of Five Thousand ($5,000.00) Dollars to apply toward her attorney’s fees, said sum to be paid by the husband within six (6) months from the date of this Judgment.
The Supreme Court’s decision in Chaachou v. Chaachou, 135 So.2d 206 (Fla.1961), dealt with a situation where the husband’s conduct was oppressive, vexatious and wanton. The Supreme Court concluded that even such conduct would not warrant imposition of attorney’s fees unless the conduct resulted in additional work to be performed by counsel for the wife. Clearly, fees may not be awarded as a punitive measure. A trial court is, however, not without authority in this regard. In Lewis v. Lewis, 383 So.2d 1143 (Fla. 4th DCA 1980), this Court stated as follows:
In addition, as appellee contends, it may be the trial court felt a great deal of the work required to earn the attorneys’ fees was unnecessarily caused by the husband. In any event, as the Court stated in Canakaris:
“It is not necessary that one spouse be completely unable to pay attorneys’ fees in order for the trial court to require the other spouse to pay these fees. Given the complexity of the cause and the time necessary to appropriately resolve the issues, the award of attorneys’ fees in this case was proper to avoid an inequitable diminution of the fiscal sums granted the wife in these proceedings.”
We conclude that there has been no demonstration of reversible error on the part of the trial court in awarding wife’s counsel $5,000 which represented only part of the attorneys’ fees charged to wife. There is no attack made on the amount of this fee. The fee does not appear to be punitive but appears to have been assessed on the basis *194 of the additional work made necessary by the vexatious, oppressive and wanton conduct of the husband during the divorce proceedings. Our review of the record in this regard demonstrates adequate evidence to support the award based upon additional work made necessary by the husband’s conduct during the proceedings and on the theory enunciated in Canakaris that to deny fees would work an inequitable diminution in the sums awarded the wife in the proceedings. We, therefore, affirm the award of attorneys’ fees and costs.
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.