485 So.2d 879 (1986)
Clara M. BOYLE, Appellant/Cross-Appellee,
v.
James W. BOYLE, Appellee/Cross-Appellant.
No. 85-1757.
District Court of Appeal of Florida, Second District.
March 26, 1986.
Laurie Gordon-Hardy, of Wallace & Hardy, Lakeland, for appellant/cross-appellee.
Robert L. Valentine, of Jacobs & Valentine, P.A., Lakeland, for appellee/cross-appellant.
HALL, Judge.
In this dissolution action, the trial court awarded attorney's fees to the appellee, husband. Appellant contends that the trial court erred when it failed to set forth its finding as to the number of hours reasonably expended on the litigation by appellee's counsel and as to what a reasonable hourly rate would be for this type of litigation. We agree.
Our supreme court in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), not only set forth the criteria that must be used by a trial court in determining the proper amount of attorney's fees, but also mandated that the trial judge set forth specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors.
Although we find that the record contains sufficient, competent evidence upon which the trial judge could have based its award according to the criteria as set forth in Rowe, neither the record nor the order sets forth any specific findings as required by Rowe.
*880 We find no merit to the other points raised on appeal but must reverse and remand for a new hearing on attorney's fees, wherein the trial judge must set forth his findings as required by Rowe.
GRIMES, A.C.J., and SCHOONOVER, J., concur.