498 So.2d 1369 (1986)
John F. MANUEL, Appellant/Cross-Appellee,
v.
Joan H. MANUEL, Appellee/Cross-Appellant.
Nos. BK-368, BL-260.
District Court of Appeal of Florida, First District.
December 19, 1986.
*1370 William E. Harris, of Johnston, Harris & Gerde, Panama City, for appellant/cross-appellee.
Herman D. Laramore, Marianna, for appellee/cross-appellant.
SHIVERS, Judge.
Appellant/husband, John F. Manuel, appeals an order of the trial court directing that he pay appellee/wife's attorney's fees in the amount of $10,000, a portion of the order directing him to pay $7,150 in costs, and the portion of the final judgment of dissolution granting the appellee/wife half of appellant's interest in Seminole Enterprises, Inc., along with half of all accumulated undistributed income or profits therefrom. Appellee/wife cross-appeals, alleging that she was "shortchanged" by the trial court's division of the parties' marital assets and by the court's failure to award permanent periodic alimony. We affirm on all issues except the issue of attorney's fees.
As his first issue on appeal, appellant argues that the trial court erred in ordering him to pay $7,150 in costs for appellee's accountant since the only evidence before the trial court was a written statement on which the accountant had typed: "Services rendered in connection with Manuel divorce. 110 hours at $65.00  $7,150.00." Appellant maintains that the court should have conducted an evidentiary hearing to determine the reasonableness of the accountant's fee. We disagree. Although there was no specific evidence presented at the hearing on the motion to tax costs regarding the reasonableness of the fee, the trial court has the authority to award an expert witness fee based on its experience, its observations of the witness's testimony at trial, and its review of the record, so long as the amount is not "of such magnitude as to indicate grossly excessive charges." Thursby v. Reynolds Metals Company, 466 So.2d 245 at 252 (Fla. 1st DCA 1984). Considering the length of the testimony given by the accountant in this case at trial, and the exhibits prepared by him and introduced into the record, we find that the trial court acted within its discretion in awarding the amount specified in the accountant's statement.
Second, although the record appears to contain sufficient evidence to support the trial court's award of attorney's fees, the trial court failed to set forth specific findings as to hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors as mandated by the supreme court in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We therefore reverse the court's order as to attorney's fees and remand with instructions that the court conduct a new hearing on attorney's fees and enter an order setting forth the findings required in Rowe. See Boyle v. Boyle, 485 So.2d 879 (Fla.2d DCA 1986).
Third, appellant argues that the trial court erred in awarding appellee one half of appellant's stock in Seminole Enterprises, Inc. (which was titled in husband's sole name), since there is no evidence that appellee contributed to the acquisition of the stock or had any equitable interest therein. We disagree. The Fourth District has recently held, in Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986), that a husband's more active role in acquiring certain properties during the marriage did not defeat the wife's claim since she had contributed to the properties' acquisition and enhancement by working in the home as a wife and mother during the marriage. Therefore, although the court stated that the wife had contributed no "extraordinary services," it found that she was entitled to an equitable share of properties purchased by the husband and titled in his name alone. See also Hamm v. Hamm, 492 So.2d 467 (Fla. 1st DCA 1986). Since the evidence in this case indicates not only that appellee contributed to the acquisition of the stock by working inside the home as a wife and mother of four during the marriage, but also that she worked *1371 outside of the home for more than fifteen years of the twenty-five year marriage and that the stock was purchased at least partially with money from the parties' joint savings account, appellee adequately established her entitlement to an equitable distribution of the stock.
We affirm the trial court on both points raised by the wife's cross-appeal. Upon consideration of the evidence before the trial court, and of the final judgment itself, we find that neither the trial court's distribution of the marital assets or its failure to award permanent periodic alimony constitutes an abuse of discretion in this case so as to require reversal. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Accordingly, we affirm in part, reverse and remand.
MILLS and JOANOS, JJ., concur.