502 So.2d 1349 (1987)
Arthur SHIELDS, Appellant,
v.
Lissi SHIELDS, Appellee.
No. 86-1312.
District Court of Appeal of Florida, Second District.
February 25, 1987.
David B. McEwen, Tampa, for appellant.
W. Dale Gabbard of Ralph M. Guito, Jr., P.A., Tampa, for appellee.
HALL, Judge.
The husband in this dissolution action appeals from the final judgment awarding attorney's fees and costs to appellee. Appellant argues that there was insufficient evidence at the fee and cost hearing on *1350 which to base such an award and that the trial court failed to properly determine the amount of fees awarded. We affirm the award as to costs but remand on the issue of attorney's fees.
The trial court's dissolution judgment, entered on July 12, 1985, reserved jurisdiction to consider financial matters at a subsequent date. On October 29, 1985, a hearing was held in which the trial court divided the parties' property and awarded the wife attorney's fees and costs, the amount to be determined by the parties themselves or by the court in the event the parties could not reach an agreement. As no agreement was reached, the trial court, at a hearing on April 9, 1986, awarded appellee $22,000 in attorney's fees and $1,259.95 in costs, based upon the testimony of an expert witness and the argument of counsel.
Appellant challenges the award on two grounds: (1) that no evidence was presented at the fee and cost hearing of appellee's need or his ability to pay attorney's fees and (2) that the trial court failed to follow the proper criteria in determining attorney's fees under Florida Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
We reject appellant's first argument. A determination had already been made at the hearing on October 29 that appellee had a demonstrated need for attorney's fees and that appellant had sufficient funds to meet this obligation. Jurisdiction was reserved solely to determine the amount. Although appellant has failed to provide us with the transcript of the October proceedings during which the majority of the evidence of the parties' financial standing was presented, we find that the record of the fee and cost hearing contains substantial, competent evidence from which the trial court was able to determine the wife's need and appellant's ability to pay, Seinfeld v. Seinfeld, 363 So.2d 19 (Fla. 3rd DCA 1978). The record shows that appellant was entitled to a pension and profit sharing funds and that appellee was unemployed at the time of the final hearing. Appellant did not deny the existence of these funds or contest his ability to pay attorney's fees, other than to argue that he was an inmate in the custody of the Florida Department of Corrections and did not have any new income.
Appellant's second argument has merit. Rowe requires the trial court not only to determine the proper amount of attorney's fees by considering the hourly rate, the number of hours reasonably expended in the case, and the appropriateness of the reduction or enhancement figures, but also to set forth specific findings as to these factors.
Although we find that the record contains sufficient evidence upon which the trial court could have based its award according to the criteria set forth in Rowe, the trial court erred in failing to set forth its specific findings. See also Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986).
Accordingly, we affirm the award of $1,259.95 in costs, but reverse and remand for a new hearing on attorney's fees, wherein the trial judge must set forth his findings as required by Rowe.
DANAHY, C.J., and CAMPBELL, J., concur.