528 So.2d 80 (1988)
Charles E. LANHAM, Appellant,
v.
Beverly A. LANHAM, Appellee.
No. 87-2593.
District Court of Appeal of Florida, Second District.
July 6, 1988.
James C. McKenzie, Clearwater, for appellant.
Richard C. Davis, Largo, for appellee.
RYDER, Acting Chief Judge.
Husband raises several points on appeal. We find merit in only one. Husband contends that the trial court erred when it determined the amount of attorney's fees to be awarded to wife. We agree.
In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985), the Florida Supreme Court held:
[I]n computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Application of the Disciplinary Rule 2-106 criteria in this manner will provide trial judges with objective guidance in the awarding of reasonable attorney fees and allow parties an opportunity for meaningful appellate review.
In addition to considering the hourly rate, the number of hours expended on the case, and the "appropriateness of the reduction or enhancement figures," the trial court must "set forth specific findings as to these factors." Shields v. Shields, 502 So.2d 1349 (Fla. 2d DCA 1987); Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986).
In the final judgment of dissolution of marriage in the case sub judice, the trial court ordered: "[H]usband shall pay wife's reasonable attorney's fees which shall be based upon her attorney's written schedule of time and services (which shall be furnished to opposing counsel) and a reasonable hourly rate for such services." By an amended final judgment of dissolution of marriage, the trial court ordered that wife's attorney "be and he is hereby awarded and allowed fees for his services to the Wife in the premises in the sum of $5,000.00... ." The trial court failed to set forth specific findings as to the Rowe factors.
The record contains three affidavits pertaining to attorney's fees. The first affidavit is from wife's attorney indicating that he spent 64.5 hours on the case. The second affidavit is from an attorney who opined that $9,675.00 would be a reasonable attorney's fee. The third affidavit is from an attorney who states that $6,450.00 would be a reasonable attorney's fee.
While the record contains sufficient evidence upon which the trial court could have based its award according to the Rowe criteria, the trial court erred in failing to set forth its specific findings. Shields; Boyle.
Thus, we reverse and remand for a new hearing on attorney's fees, wherein the trial *81 judge must set forth his findings in accordance with Rowe.
FRANK and PARKER, JJ., concur.