534 So.2d 807 (1988)
Donna Kay STEWART, Appellant,
v.
Percy Randall STEWART, Appellee.
No. 88-122.
District Court of Appeal of Florida, First District.
November 23, 1988.
Bill A. Corbin, Blountstown, for appellant.
Andrew Thomas and Harold S. Richmond, Quincy, for appellee.
JOANOS, Judge.
The former wife challenges the portion of the amended final judgment which awarded to the wife only a fraction of the attorney's fees and costs she incurred in the underlying dissolution of marriage proceeding. The sole issue on appeal is the propriety of the partial award.
At paragraph eight of the amended final judgment, the trial court found that the wife reasonably expended the sum of $1,170.54 as court costs and out-of-pocket expenses, and that her attorney reasonably expended 45.8 hours in the representation, at an hourly rate of $75.00. After making these express findings, the trial court directed the husband to pay $585.27 in costs, and $1,500 as partial attorney's fees. The amended final judgment is silent with regard to the rationale involved in the determination to award partial attorney's fees and costs.
Section 61.16, Florida Statutes, which governs attorney's fees, suit money, and costs in dissolution of marriage proceedings, provides:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
When an order awarding attorney's fees and costs fails to set forth specific findings regarding the appropriateness of the enhancement or reduction of an award pursuant to the requirements set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), the order will be reversed, notwithstanding the existence vel non of competent substantial evidence upon which the trial court could have based its determination. See Foster v. Foster, 528 So.2d 1295 (Fla. 1st DCA 1988); *808 Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986); McCann v. McCann, 528 So.2d 976 (Fla. 2d DCA 1988); Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988); Shields v. Shields, 502 So.2d 1349 (Fla. 2d DCA 1987); Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986).
Therefore, the portion of the amended final judgment which awards partial attorney's fees and costs to the wife is reversed and remanded with directions to make specific findings in accordance with Florida Patient's Compensation Fund v. Rowe, and decisions from this court. In all other respects, the amended final judgment is affirmed.
WIGGINTON and BARFIELD, JJ., concur.