541 So.2d 160 (1989)
Roger R. MAAS, Appellant,
v.
Jane A. MAAS, Appellee.
No. 88-00729.
District Court of Appeal of Florida, Second District.
April 7, 1989.
Roger R. Maas, Monticello, pro se.
John T. Allen, Jr. of John T. Allen, Jr., P.A., St. Petersburg, for appellee.
SCHEB, Judge.
In Maas v. Maas, 440 So.2d 494 (Fla. 2d DCA 1983), we remanded this dissolution action to the trial court for further proceedings. The ex-husband now challenges a final judgment awarding $10,000 in attorney's fees to his ex-wife on the ground that the trial judge failed to comply with Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We agree with the ex-husband's claim.
Before signing the final judgment, the trial judge crossed out the section concerning the number of hours expended, hourly rate, etc. and awarded the wife an even $10,000. Thus, the final judgment is facially invalid since it fails to set forth specific findings regarding the amount of fees awarded. See, Shields v. Shields, 502 So.2d 1349 (Fla. 2d DCA 1987); Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986).
We note in passing that during the hearing there was testimony from the ex-wife's attorney that: (1) he has not attempted nor would he attempt to collect any fee from his client; (2) he told his client he would accept whatever fee the court awarded; and (3) he believed the fees were uncollectible. We further note that an invoice, which was admitted into evidence, states that the ex-wife owed her attorney $486.70. There was also a notation on the invoice indicating that "[a]pproximately $33,000 is due in fees which are being charged off as a `loss item' to our firm." Thus, on remand, we direct the trial judge to include in the final judgment a finding concerning the ex-wife's contractual liability to her attorney in order to establish a limit on the amount of fees which the ex-wife may recover. See Winterbotham v. Winterbotham, 500 So.2d 723 (Fla. 2d DCA 1987).
Reversed and remanded for further proceedings in compliance with this opinion.
CAMPBELL, C.J., and HALL, J., concur.