546 So.2d 44 (1989)
Christine WILKINS, Appellant,
v.
Robert C. WILKINS, Appellee.
Nos. 87-2631, 88-0209.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Rehearing Denied August 8, 1989.
*45 S. Robert Zimmerman, P.A., Pompano Beach, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Val L. Osinski of Law Offices of Val L. Osinski, Coral Springs, for appellee.
PER CURIAM.
In this appeal from a final judgment of dissolution of marriage and an order awarding costs and attorney's fees, the wife presents eight points for our consideration, none of which demonstrates reversible error. However, the last point, having to do with attorney's fees, justifies comment.
In the final judgment, the trial court effected an equitable distribution of the assets of the parties, awarded the wife permanent and rehabilitative alimony as well as child support, and reserved jurisdiction to award attorney's fees and suit money. The order entered on fees and costs reviewed the awards previously made in the final judgment, the evidence adduced regarding the time spent by counsel, and the hourly rate to be charged, and concluded that a fee of $30,000 would be reasonable. The court then directed the husband to pay $20,000 of that fee to the wife's counsel.
In her brief, the wife contends the failure to award the entire fee against the husband was error because he was in a superior financial position to make the payment. The husband predictably contends the trial court virtually split the assets equally and made its determination that the wife should pay part of her fees in view of her present financial status.
By way of supplemental authority, the wife furnished us with the case of Stewart v. Stewart, 534 So.2d 807 (Fla. 1st DCA 1988), in which the trial court awarded the wife only a fraction of the attorney's fees and costs she incurred. She appealed and assigned the partial award as error. The trial court found that the wife reasonably expended the sum of $1,170.54 as court costs and expenses, and that her attorney reasonably expended 45.8 hours in that representation at an hourly rate of $75. The judgment then directed the husband to pay one-half of the costs and $1,500 of the attorney's fee. Noting that the judgment was silent with regard to the rationale involved in the determination to award partial attorney's fees and costs, the court stated:
When an order awarding attorney's fees and costs fails to set forth specific findings regarding the appropriateness of the enhancement or reduction of an award pursuant to the requirements set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), the order will be reversed, notwithstanding the existence vel non of competent substantial evidence upon which the trial court could have based its determination. See Foster v. Foster, 528 So.2d 1295 (Fla. 1st DCA 1988); Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986); McCann v. McCann, 528 So.2d 976 (Fla. 2d DCA 1988); Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988); Shields v. Shields, 502 So.2d 1349 (Fla. 2d DCA 1987); Boyle v. Boyle, 485 So.2d 879 (Fla.2d DCA 1986).
Id. at 807-08.
In Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988), the court also referred to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), in reversing an order allowing fees against the husband without following the Rowe criteria and making specific findings. Likewise, in Shields v. Shields, 502 So.2d 1349, 1350 (Fla. 2d DCA 1987), on the same point, the court said:
Appellant's second argument has merit. Rowe requires the trial court not only to determine the proper amount of attorney's fees by considering the hourly rate, the number of hours reasonably expended in the case, and the appropriateness of the reduction or enhancement figures, *46 but also to set forth specific findings as to these factors.
Although we find that the record contains sufficient evidence upon which the trial court could have based its award according to the criteria set forth in Rowe, the trial court erred in failing to set forth its specific findings. See also Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986).
Accordingly, we affirm the award of $1,259.95 in costs, but reverse and remand for a new hearing on attorney's fees, wherein the trial judge must set forth his findings as required by Rowe.

Finally, in Gagnon v. Gagnon, 539 So.2d 1179 (Fla.1st DCA 1989), the First District reversed the trial court for granting a partial award of attorney's fees against the husband, albeit the record would support such a finding, because the "order failed to include specific findings":
We reverse and remand, however, for a redetermination of the amount of fees to be awarded. As in Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986), the trial court's order fails to include specific findings regarding hourly rate, number of hours reasonably expended, and the appropriateness of reduction or enhancement factors, as set out in Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) or, as applies to this particular case, what portion of the wife's attorney's fees were occasioned by husband's misconduct. Chaachou [v. Chaachou, 135 So.2d 206 (Fla. 1961)] supra; Johnson v. Johnson, 396 So.2d 192 (Fla. 4th DCA 1980).
In the present case, the trial court's determination to award only part of the attorney's fee against the husband is subject to the same criticism as was levied in the foregoing case. There is some confusion in the record created by a discrepancy between the court's oral pronouncements regarding the amount of a reasonable attorney's fee and the amount contained in the written judgment of $30,000. Upon remand, the trial court will be in a position to clarify its intentions in this regard.
Accordingly, we affirm the judgment in all respects except that we reverse the award of attorney's fees and remand the cause to the trial court with directions to further consider the award of attorney's fees and follow the dictates of Rowe in all respects.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
DOWNEY, POLEN and GARRETT, JJ., concur.