555 So.2d 869 (1989)
In re GUARDIANSHIP OF Georgina H. READ, Incompetent.
W.A. READ, As Co-Guardian of the Person and Property of Georgina H. Read, Incompetent, Appellant,
v.
Elizabeth KENEFICK, As Co-Guardian of the Person and Property of Georgina H. Read, Incompetent, Appellee.
No. 89-00174.
District Court of Appeal of Florida, Second District.
October 27, 1989.
Rehearing Denied January 10, 1990.
*870 Donald H. Whittemore of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
Donald W. Belveal of Law Offices of Donald W. Belveal, Chartered, Tampa, for appellee.
SCHOONOVER, Judge.
W.A. Read, one of the co-guardians of the person and property of Georgina H. Read, challenges an order awarding the other co-guardian, the appellee, Elizabeth Read Kenefick, guardian fees and costs. We affirm.
Mr. Read and Mrs. Kenefick were appointed co-guardians of the person and property of their mother, Georgina H. Read, on July 8, 1986. On September 3, 1988, Mrs. Kenefick filed a petition requesting a fee in the amount of $20,860.00 for services rendered as co-guardian. She also requested reimbursement of $4,390.88 for funds expended on behalf of the ward. Exhibit "A" attached to the petition set forth the number of hours spent performing services on behalf of the ward and stated that these services included accounting, banking, transportation, and other personal services on behalf of the ward. Exhibit "B" of the petition listed expenses paid for by the guardian for items such as telephone calls, laundry, meals outside of the home, postage, hairdressing, gas, and other miscellaneous expenses.
Mr. Read did not file a petition seeking fees for his services to the ward, but objected to Mrs. Kenefick's petition on several grounds. He contended that the petition was untimely and would unjustifiably deplete resources available to the estate. He also contended that the fees were unreasonable because Mrs. Kenefick was the daughter of the ward and that the fees and expenses, although beneficial to the ward, were not reasonable and necessary in Mrs. Kenefick's capacity as guardian.
At the conclusion of the hearing held in connection with Mrs. Kenefick's petition and Mr. Read's objections, the court ruled in favor of Mrs. Kenefick. The court's written order found that based upon the pleadings and evidence introduced at the hearing, the services rendered to the ward were reasonable and necessary, the hourly rate of compensation was reasonable, and the petitioner was entitled to reimbursement for the expenses set forth in the petition. This timely appeal followed.
Mr. Read contends that the time records indicated that Mrs. Kenefick requested compensation for time spent performing duties which one would normally undertake as a daughter. He argues that a guardian who is in a close familial relationship with the ward may not recover compensation for all time spent with a ward under the guise that it was necessary in connection with her duties as guardian. We agree that a daughter is not entitled to compensation as guardian of the person of her mother for merely doing what any daughter does, see In re: Guardianship of Ivarsson, 60 Wash.2d 733, 375 P.2d 509 (1962), and that a guardian should not be *871 paid for services outside the scope of his duties as a guardian, Poling v. City Bank & Trust Co., 189 So.2d 176 (Fla.2d DCA 1966). In this case, however, Mrs. Kenefick not only presented time records to the court but also testified concerning the necessity and scope of the services she performed on behalf of her mother. Based upon the records and testimony, the court found that the services were reasonable and necessary and that the hourly rate requested for these services was reasonable.
In appellate proceedings, the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979). Mr. Read did not meet this burden. The hearing was not reported by a court reporter, and the appellant did not attempt to furnish us with a stipulated statement of facts as a permissible substitute for a transcript of the evidence. Fla.R.App.P. 9.200(b)(4). Where there is no record of the testimony of witnesses or of evidentiary rulings and where a statement of the record has not been prepared, a judgment which is not fundamentally erroneous on its face must be affirmed. Ahmed v. Travelers Indemnity Co., 516 So.2d 40 (Fla.3d DCA 1987). See also Gordon v. Burke, 429 So.2d 36 (Fla.2d DCA 1983); Gilson v. Murphy, Fearnley & Yawn, Inc., 151 So.2d 447 (Fla.2d DCA 1963); Carter v. Carter, 504 So.2d 418 (Fla. 5th DCA 1987); Conner v. Coggins, 349 So.2d 780 (Fla. 1st DCA 1977); Lambert v. Lambert, 340 So.2d 1221 (Fla. 4th DCA 1976). Since the court's order was not erroneous on its face and the correctness of the trial court's ruling depended not only on Mrs. Kenefick's written records but also upon evidence presented at the hearing but not furnished to us, we must affirm.
Affirmed.
CAMPBELL, C.J., and PATTERSON, J., concur.