BLUE, Acting Chief Judge.
Dennis Williams, the former husband, appeals from the final judgment of dissolution of marriage and challenges the temporary award of the marital residence as rehabilitative alimony, the distribution of marital debt, and the award of attorney’s fees to his former wife, Diane Christine Williams. We reverse the alimony and equitable distribution and remand for further proceedings, but we affirm the award of fees.
*1128 This was a short-term marriage, less than two years in length, that produced a minor child. The final judgment ordered shared parental responsibility for the child with primary residential care awarded to the Former Wife. The final judgment distributed various items of personal property and the automobiles; these distributions are not challenged on appeal. It also awarded to the Former Wife the exclusive use and occupancy of the marital home[1] until August 1, 2003, when the child is expected to start public school. After that date, the Former Husband is awarded sole “occupancy” of the marital home.[2] The Former Husband was ordered to pay both mortgages on the marital home, which total almost $139,000, and approximately $9,000 of credit card debt. The Former Wife was ordered to pay about $900 in credit card debt. Last, the Former Husband received exclusive ownership of his 401 (k) plan. Although no values for this asset are stated in the final judgment, the parties agreed to a value of approximately $124,000 with only $22,000 constituting a marital asset.
In his first point on appeal, the Former Husband challenges the temporary award of the house as rehabilitative alimony without a plan. From the record we surmise that the trial court was trying to help the Former Wife “bridge the gap” because of the minor child. Rehabilitative alimony, however, “requires a plan more specific than bridging the gap.” Borchard v. Borchard, 730 So.2d 748, 753 (Fla. 2d DCA 1999). Nevertheless, bridge-the-gap alimony may be permissible as long as it is consistent with the statutory factors and does not constitute an abuse of discretion. See Borchard, 730 So.2d 748 (authorizing lump sum alimony payable in installments as permissible bridge-the-gap alimony in dissolution of five-year marriage that produced minor children).
Here, the Former Wife had no other living arrangements and a very limited income while she reentered the job market. The Former Husband was able to live with his sister and had a superior earning capacity. At the final hearing, the trial court explained that the Former Wife was to receive four years in the house “rent free” in lieu of the approximately $11,000 she was entitled to receive from the Former Husband’s pension plan. The end result, however, is that the Former Husband is required to make mortgage payments of $20,000 a year for four years on a house with negative equity in lieu of the Former Wife receiving $11,000 in equitable distribution. Because of this great disparity and the improper intermingling of asset distribution and alimony issues, see Borchard, 730 So.2d at 751, we are compelled to reverse and remand for the trial court’s further consideration.
The financial morass in this dissolved marriage stems from a $67,000 second mortgage, obtained during the marriage. According to the testimony, the parties used these proceeds to pay for the Former Husband’s vehicle, a new roof and air conditioner on the house, the parties’ monthly credit card debt, their wedding, honeymoon, household furnishings, and a trip to Las Vegas. In ordering the Former Husband to be solely responsible for this second mortgage, which appears to be a marital debt, the trial court made no findings to justify the unequal distribution.
In a dissolution of marriage proceeding, the trial court must determine whether the *1129 parties’ assets and liabilities are marital or nonmarital in nature. See § 61.075(1), Fla. Stat. (1997). The trial court must then distribute the marital assets and liabilities between the parties in an equal fashion unless it finds justification to order an unequal distribution. Id. In this case, the final judgment addresses the occupancy of the marital home but does not order a final distribution of this asset. The final judgment does not address the marital-versus-nonmarital nature of the parties’ substantial debt, nor does it state findings to support the unequal distribution of debt to the Former Husband. See § 61.075(1) (listing factors that could warrant unequal distribution of assets or liabilities). Thus, we conclude the trial court abused its discretion, requiring us to reverse.
The Former Husband also appeals from the trial court’s award of $2,670 to the Former Wife for her attorney’s fees. This was in addition to $1,500 awarded for temporary fees. Fee awards in dissolution cases are determined primarily on the need of one spouse and ability to pay on the part of the other. See Shields v. Shields, 502 So.2d 1349 (Fla. 2d DCA 1987). Based on the Former Husband’s superior earning capacity, and the Former Wife’s precarious financial situation, we see no abuse of discretion and affirm on this issue.
Affirmed in part, reversed in part, and remanded for further proceedings.
CASANUEVA and SALCINES, JJ., Concur.

. The Former Husband suggests that the residence was not a marital asset. There is no evidence to support this conclusion. The Former Husband testified that he bought the house in 1982, but it was titled in both their names at the time of the dissolution action. See § 61.075(5)(a)(5), Fla. Stat. (1997) (presumption of marital asset applies to real property held as tenants by entireties, whether acquired prior to or during marriage).

. It appears from the transcript that the trial court intended to award to the Former Husband sole ownership of the home when he retook possession in 2003; however, the final judgment awarded him only sole occupancy at that time.