780 So.2d 985 (2001)
Eugene R. SIMPSON, Appellant,
v.
Christine K. SIMPSON, Appellee.
No. 5D00-1796.
District Court of Appeal of Florida, Fifth District.
March 23, 2001.
*986 Thomas R. Peppler of Stein, Sonnenschein, Hochman & Peppler, Oviedo, for Appellant.
Keersten L. Heskin of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee.
SAWAYA, J.
Eugene Simpson, the former husband, appeals the supplemental final judgment dissolving the marriage between himself and Christine Simpson, the former wife. He argues that the trial court erred when it awarded attorney's fees to the former wife without making specific findings as to a reasonable rate, number of hours expended, and the exact misconduct of the former husband justifying the award. Before we resolve this issue, however, we must determine whether we have jurisdiction to hear this appeal.

Jurisdiction Of This Court To Hear This Appeal
The jurisdiction of this court is invoked by the filing of a notice of appeal "within 30 days of rendition of the order to be reviewed." Rule 9.110(b), Fla. R.App. P. Rendition is defined in rule 9.020(h)(1), Florida Rules of Appellate Procedure, which provides:
(h) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, ... the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.

(Emphasis added).
Here, the former wife timely filed a motion for rehearing of the judgment, but withdrew her motion for rehearing five months later, before it was decided by the trial court. Therefore, a signed written order disposing of the motion for rehearing was never entered. The former husband filed his notice of appeal within thirty days of the notice of withdrawal. In order to determine whether we have jurisdiction, we must determine whether the filing of a notice of appeal within thirty days of the *987 notice of withdrawal of the motion for rehearing is sufficient compliance with rule 9.020(h)(1) to confer jurisdiction on this court. This appears to be a case of first impression under the current version of the rule.
We find that analysis of the historical development of rule 9.020(h)(1) is helpful in resolving the jurisdictional issue before us. The pre-1992 version of the rule provided that an order was not deemed rendered "until disposition" of a motion for rehearing. In Bianco v. Bianco, 383 So.2d 1120 (Fla. 4th DCA 1980), the court defined "disposition" as including the abandonment or withdrawal of a motion for rehearing. Thus a notice of appeal filed within thirty days of the notice of withdrawal of a motion for rehearing was timely under the pre 1992 rule.
However, in 1992, the rule was amended to include the specific language underlined in the above quote. The Committee Notes which discuss the 1992 amendment state only that subdivision (g)(1) [now (h)(1) ] was added "to clarify the date of rendition when post-judgment motions have been filed." Fla. R.App. P. 9.020 (Committee Notes 1992 Amendment). There is no comment regarding what effect withdrawal or abandonment of a motion for rehearing should have. If we strictly construe the current rule, then the voluntary withdrawal of a motion for rehearing after the thirty-day period for filing a notice of appeal would extinguish the right of either party to appeal. The court in Bianco recognized this problem would exist if "disposition" in the pre 1992 rule was not defined to include abandonment or withdrawal:
Were it otherwise, neither party to a dissolution proceeding could appeal where one party abandoned or withdrew a timely motion for rehearing more than thirty days after the final judgment. Both sides may be equally unhappy with a judgment and desirous of appealing. Abandonment of a post-trial motion by one should not destroy jurisdiction for an appeal by the other party who sat by waiting for final rendition of the judgment.
Id. at 1121 n. 1.
We conclude that the 1992 rule change was intended only to clarify that the post-judgment motion tolls rendition of the order or judgment to be reviewed to the time that the written, signed order disposing of the post-judgment motion is filed and, by its silence on the topics of abandonment and withdrawal, has not affected the holding in Bianco. Thus the rationale of Bianco applies to the current version of rule 9.020(h)(1). To hold otherwise would result in dismissal of the former husband's appeal for lack of jurisdiction because it would be untimely. To have avoided this result, the former husband would have had to timely serve his own motion for rehearing or, alternatively, file a notice of appeal within thirty days of the filing of the judgment in the clerk's office. If he had chosen the latter, this court would have been required to abate the appeal until the lower court disposed of the former wife's motion for rehearing. See Maynard v. Maynard, 515 So.2d 308 (Fla. 3d DCA 1987) (where former husband filed a motion to amend the final judgment and former wife filed a notice of appeal from the final judgment, the appellate court would abate the appeal and remand the case to the trial court to dispose of the motion to amend). We find that requiring any party to protect his or her appeal rights in this manner makes little sense and is not what is contemplated by the rule.
Accordingly, the notice of appeal in the instant case was timely and this court has jurisdiction to hear this appeal. Therefore, we may proceed to resolve the issue raised by the parties in these proceedings.

Issue on AppealThe Propriety Of The Award Of Attorney's Fees
The substantive issue presented to us is whether the trial court erred by failing to make findings in the supplemental final judgment to justify the former wife's entitlement to attorney's fees and *988 the amount awarded to her. The trial court awarded attorney's fees to the former wife to compensate her for the fees occasioned by the former husband's misconduct in attempting to hide assets.[1] Such an award is generally considered appropriate as reimbursement for the additional legal work caused by the misconduct of the offending party. Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990); Gagnon v. Gagnon, 539 So.2d 1179 (Fla. 1st DCA 1989); see also Rosen v. Rosen, 696 So.2d 697 (Fla.1997) (holding that entitlement to attorney's fees in a dissolution action must take into consideration all of the circumstances surrounding the litigation).
The former husband contends that reversal of the fee award is required because the trial court failed to make findings of fact in the judgment as to the number of hours spent and a reasonable hourly rate pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), modified, Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). The former husband is correct that the trial court must make the requisite Rowe findings in the judgment to support the amount of the award. Here, the court made no findings as to the number of hours reasonably expended or an hourly rate and, therefore, reversal is required.[2]See Ard v. Ard, 765 So.2d 106 (Fla. 1st DCA 2000); Hamlin v. Hamlin, 722 So.2d 851 (Fla. 1st DCA 1998); Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997); see also Shrove v. Shrove, 724 So.2d 679 (Fla. 4th DCA 1999); Rohlfs v. Rohlfs, 666 So.2d 568 (Fla. 3d DCA 1996); Sunday v. Sunday, 610 So.2d 62 (Fla. 3d DCA 1992); Maas v. Maas, 541 So.2d 160 (Fla. 2d DCA 1989).
The former wife argues that even if specific findings regarding hourly rate and time spent are not contained in the judgment, affirmance is appropriate because the record contains sufficient information to establish those factors. We disagree and conclude that reversal is required even where evidence is contained in the record from which the Rowe factors of the number of hours and reasonable rate can be determined. See Hamlin (citing Hoffay v. Hoffay, 555 So.2d 1309 (Fla. 1st DCA 1990)); Wilkins v. Wilkins, 546 So.2d 44 (Fla. 4th DCA 1989); Gagnon; McCann v. McCann, 528 So.2d 976 (Fla. 2d DCA 1988).
Although the award of attorney's fees must be reversed and this case remanded to the trial court to make the appropriate findings, the former wife is not entitled to a second evidentiary hearing on the issue of fees upon remand. See Kranz v. Kranz, 737 So.2d 1198 (Fla. 5th DCA 1999); Warner (holding that remand for specific fact findings to support a fee award is not appropriate where the wife failed to put on any evidence to support the fee award in the first instance); see also Davis v. Davis, 613 So.2d 147 (Fla. 1st DCA 1993). *989 Therefore, upon remand, if sufficient evidence was presented in the trial proceedings, the trial court may make the findings required by Rowe and award a reasonable fee. However, if the former wife failed to present sufficient evidence to establish the necessary factors, she is not entitled to any fee on remand. Kranz; Viera v. Viera, 698 So.2d 1308 (Fla. 5th DCA 1997); Warner.
Lastly, the former husband requests this court to order the trial court to make specific findings as to the exact misconduct found and the portion of the litigation that was directed at overcoming the former husband's alleged misconduct. This would allow him the opportunity to contest the trial court's conclusion that he engaged in any misconduct which warranted the award of fees in the first place.[3] He relies on Crowley v. Crowley, 678 So.2d 435, 440 (Fla. 4th DCA 1996) (holding that where there was no evidence on the face of the record that the husband had been aggressive, persistent or acrimonious to the point of abusing the system, "any portion of the attorney's fee award based upon the husband's purported frivolous litigation must be set aside absent findings identifying those portions of the proceedings deemed litigious.").
However, the former husband did not provide this court with a transcript of the attorney's fees hearing, even though the absence of the transcript was repeatedly brought to his attention by the former wife. Therefore, this court cannot determine from the face of the record that the trial court's finding of fact in the order under review regarding the former husband's misconduct was unsupported. Thus the instant case is clearly distinguishable from Crowley. Moreover, the law is well settled that a trial court's findings of fact arrive at this court with a presumption of correctness, Herzog v. Herzog, 346 So.2d 56 (Fla.1977), and that an award of attorney's fees in connection with dissolution proceedings is discretionary with the trial court and will not be disturbed absent an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Therefore, the former husband has failed to demonstrate error in the court's finding of entitlement to fees.
We reverse the portion of the judgment relating to the amount of attorney's fees and remand for the trial court to make findings with respect to the number of hours occasioned by the misconduct and a reasonable hourly ratefactors that establish the amount of fees awarded, not the former wife's entitlement thereto.
REVERSED and REMANDED for proceedings consistent with this opinion.
COBB and ORFINGER, R. B., JJ., concur.
NOTES
[1] The award of fees is explained by the trial court in paragraph 7 of the findings of fact:

7. ATTORNEY'S FEES
Husband's efforts to segregate marital funds and separate funds from the marital pool of assets along with the time and efforts made by Wife's attorney to discover these funds prior to the time Wife's current attorney took over the case entitles Wife to an award of partial attorney's fees.
In paragraph K of the conclusions, the trial court held that:
As referenced in paragraph 7 above, Husband shall pay a portion of Wife's attorney's fees and costs, said amount is $13,376.00 which equals the amount needed to equalize the distribution, see exhibit A.
Exhibit A was the trial court's asset distribution list. On the final page thereof, the court stated that the $13,376 was the "[p]ortion not to be Paid by Wife to Husband but deemed his contribution to her attorney fees."
[2] Failure to make the requisite Rowe findings is error even when the award is based on misconduct. Gagnon (reversing for trial court's failure to include specific findings regarding hourly rate, number of hours reasonably expended, and the appropriateness of reduction or enhancement factors, as set out in Rowe, and failing to state what portion of the wife's attorney's fees were occasioned by husband's misconduct).
[3] It should be noted, however, that the period of time was set by the trial courtthe court awarded fees for the "time and efforts made by Wife's attorney to discover these funds prior to the time Wife's current attorney took over the case," which date was January 14, 1999.