916 So.2d 6 (2004)
Charles D. BADER, Appellant,
v.
MEROS, SMITH & OLNEY, P.A., Appellee.
No. 2D02-4758.
District Court of Appeal of Florida, Second District.
December 29, 2004.
Charles D. Bader, Indiantown, pro se.
Walter E. Smith of Meros, Smith, & Olney, P.A., St. Petersburg, for Appellee.
WHATLEY, Judge.
Charles D. Bader appeals the final judgment entered by the trial court after it heard and granted the motion for summary judgment filed by Meros, Smith & Olney, P.A. (the law firm) in the latter's action against Bader for attorneys' fees and costs pursuant to the parties' attorney-client fee agreement. We affirm in part and reverse in part.
Bader has failed to demonstrate the existence of a genuine issue of material fact regarding his obligation under the fee agreement. However, in the final judgment, the trial court failed to make specific findings as to the hourly rate, the number of hours reasonably expended, and any other factors it considered in determining the amount of the award of attorneys' fees to the law firm. See Guardianship of Halpert v. Martin S. Rosenbloom, P.A., 698 So.2d 938 (Fla. 4th DCA 1997) (stating that Rowe[1] findings are mandatory) (cited in Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, Inc., 891 So.2d 1063 (Fla. 2d DCA Nov.19, 2004) (holding final judgment for attorney's fees and costs fundamentally erroneous on its face for failure to include specific Rowe findings)).
Accordingly, we affirm the final judgment insofar as it finds that Bader is obligated to the law firm pursuant to the parties' attorney-client fee agreement, but we reverse the amount of fees awarded and remand with directions that the trial court make the findings required by Rowe to support an award of fees.
Affirmed in part, reversed in part, and remanded with directions.
KELLY and CANADY, JJ., concur.
NOTES
[1] Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).