898 So.2d 259 (2005)
Janet Lee MOYLE, Appellant,
v.
The PARKLAND CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 2D04-2107.
District Court of Appeal of Florida, Second District.
March 16, 2005.
Rehearing Denied April 8, 2005.
J. Stanford Lifsey of J. Stanford Lifsey, P.A., Tampa, for Appellant.
Shawn G. Brown of Nicholas F. Lang, P.A., St. Petersburg, for Appellee.
VILLANTI, Judge.
Janet Moyle appeals the trial court's "Order for Delinquent Assessments, Interest, Attorney's Fees and Costs." She raises two issues  the trial court's jurisdiction and the attorney's fee award. As to the first issue, we affirm without comment. As to the second issue, we reverse the trial court's order because it fails to set forth specific findings as to the hourly rate for attorney's fees, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). See Guardianship of Halpert v. Martin S. Rosenbloom, P.A., 698 So.2d 938 (Fla. 4th DCA 1997) (noting that Rowe findings are mandatory). The trial court found that The Parkland Condominium Association, Inc., was entitled to recover attorney's fees, costs, interest, and surplus funds from a foreclosure sale that had been disbursed to Moyle in the amount of $9,744.13. However, the trial court did not specify exactly how much of the award was for attorney's fees, nor did it make the required Rowe findings. Therefore, the order is fundamentally erroneous on its face. See Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, Inc., 891 So.2d 1063 (Fla. 2d DCA 2004). We reverse the amount of fees awarded and remand with directions that the trial court make the findings required by Rowe to support an award of fees.
*260 Affirmed in part, reversed in part, and remanded.
DAVIS and SILBERMAN, JJ., concur.