DAVIS, Judge,
Specially concurring.
I fully concur with the majority opinion; however, I write to express my concerns over the disparate treatment provided to attorney’s fees orders under the case law as previously expressed by this court. In many of the instances in which the trial court is required to make specified findings of fact, the failure to include the findings in the written order is not subject to review when the appellate record lacks a transcript of the proceedings below or an appropriate substitute. See, e.g., Esaw v. Esaw, 965 So.2d 1261 (Fla. 2d DCA 2007) (affirming equitable distribution of marital assets and alimony award despite lack of statutorily required findings because absence of transcript or appropriate substitute prevented wife from demonstrating reversible error), review denied, 981 So.2d 1199 (Fla.2008).
As explained in Esaw, in those instances, the real obstacle to review is the absence of the transcript rather than the absence of the findings. The court noted that section 59.041, Florida Statutes, provides “that ‘[n]o judgment shall be set aside or reversed ... for error as to any matter of ... procedure, unless’ it is apparent ‘that the error complained of has *406 resulted in a miscarriage of justice.’ ” Esaw, 965 So.2d at 1264 (alterations in original). This court further noted that
[t]he appellant has the burden of providing a proper record to the reviewing court[ ] and [that] the failure to do so is “usually fatal” to the appellant’s claims. Without such a record, it will ordinarily be impossible for the appellant to establish that an asserted error is harmful.... There is no general rule that the lack of statutorily required findings constitutes fundamental error.
Id. at 1264-65 (citation omitted). In Esaw, this court concluded that “the absence of a transcript or appropriate substitute” prevented the wife from establishing a “miscarriage of justice” and was fatal to her appellate challenges of the trial court’s equitable distribution and alimony award. Id. at 1265.
However, the Esaw court did acknowledge that orders awarding attorney’s fees are treated differently. “[A]n award of attorney’s fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings.” Id. As the majority opinion notes, on several occasions this court has reversed awards of attorney’s fees based on the written order’s lack of the required findings even when there was an absence of a transcript of the trial court proceedings or an appropriate substitute. See Markovich, 974 So.2d 600; Baratta, 891 So.2d 1063; Burnham v. Burnham, 884 So.2d 390 (Fla. 2d DCA 2004). Thus it is the established rule in this court that the omission of the required findings of fact from orders awarding attorney’s fees is to be treated differently from such omissions made in other types of orders.
I question the basis in case law for such a distinction. The seminal case on this issue is Giltex Corp. v. Diehl, 583 So.2d 734 (Fla. 1st DCA 1991). In that ease, the trial court made an award of attorney’s fees pursuant to Rowe, 472 So.2d 1145. However, the trial court failed to include in its order specific findings as to the reasonable number of hours expended and the reasonableness of the hourly rate charged. Additionally, the appellant failed to provide the appellate court with a transcript of the trial court proceedings. The First District reversed the fee award, concluding that “[w]hile the lack of a transcript or stipulated statement might otherwise require affirmance, this rule is not applicable in this case because the trial court’s order is fundamentally erroneous on its face for failure to make the express findings required by Rowe.” 583 So.2d at 735.
As support for this conclusion, the First District cited Southeast Bank, N.A. v. David A. Steves, P.A., 552 So.2d 292, 293 (Fla. 2d DCA 1989), in which this court quoted from In re Guardianship of Read, 555 So.2d 869, 871 (Fla. 2d DCA 1989), as follows: “ ‘Where there is no record of the testimony of witnesses or of evidentiary rulings and where a statement of the record has not been prepared, a judgment which is not fundamentally erroneous on its face must be affirmed.’ ” However, neither Guardianship of Read nor Southeast Bank defines the term “fundamentally erroneous on its face.” The Giltex court nevertheless concluded — without explanation or citation to authority' — that the order under review there was “fundamentally erroneous on its face for failure to make the express findings required by Rowe.” Giltex Corp., 583 So.2d at 735.[3] The ques *407 tion that I raise is why the failure to make the findings required by Rowe results in an order that is “fundamentally erroneous on its face”[4] yet the failure to make findings required by statute does not render an order on alimony or equitable distribution also fundamentally erroneous. See Worthen v. Worthen, 991 So.2d 400, 401 (Fla. 2d DCA 2008) (“Although ... the final judgment did not make specific findings regarding the award of alimony or the basis of the equitable distribution, this deficiency does not necessarily amount to reversible error.”); Esaw, 965 So.2d at 1265 (“There is no general rule that the lack of statutorily required findings constitutes fundamental error.”).
Furthermore, if section 59.041 applies to awards of attorney’s fees, how does an appellant show the existence of a “miscarriage of justice” without a transcript to indicate that in fact the appellee failed to present the required testimony that would support the award or that the trial court failed to make the necessary findings on the record? [5] Appellate review of an order that lacks required findings and is based on a record that lacks a transcript or appropriate substitute is problematic at best. There simply is no way for the appellate court to know what evidence was presented below or what findings the trial court may or may not have made on the record. Without providing a transcript or an appropriate substitute, an appellant cannot demonstrate a miscarriage of justice. Since the trial court’s action is presumed correct, the lack of demonstrable error should, in my view, result in an affirmance.
I agree that we must reverse the award of attorney’s fees because the case law is clear that attorney’s fees orders are treated differently and that the absence of the Rowe findings on the face of the written order currently renders that order per se reversible. However, I do not agree that the difference between an order awarding attorney’s fees and other types of orders, such as those dealing with alimony or the equitable distribution of marital assets, justifies this disparate treatment. Since Rowe does require the trial court to make certain findings but does not require that the findings be in writing, I question *408 whether the evolution of this distinction is the intended result of the Rowe ruling.

. This is not to suggest that the Giltex court was the first to conclude that such attorney's fees orders are reversible. See Anderson v. Pilot House of St. Petersburg, Inc., 559 So.2d 419, 419 (Fla. 2d DCA 1990) (reversing order for "fail[ure] to make written findings”); *407 Maas v. Maas, 541 So.2d 160, 160 (Fla. 2d DCA 1989) ("[T]he final judgment is facially invalid since it fails to set forth specific findings regarding the amount of fees awarded."); Shields v. Shields, 502 So.2d 1349, 1350 (Fla. 2d DCA 1987) ("Although we find that the record contains sufficient evidence upon which the trial court could have based its award according to the criteria set forth in Rowe, the trial court erred in failing to set forth its specific findings.”); Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986) (same).

. Although this issue often arises, as it does in the instant case, in a family law context, pursuant to case law, the “fundamentally erroneous on its face" standard is applicable to all attorney's fees orders that lack Rowe findings. See Parton v. Palomino Lakes Prop. Owners Ass'n, 928 So.2d 449, 453 (Fla. 2d DCA 2006); Moyle v. Parkland Condo. Ass’n, 898 So.2d 259, 259 (Fla. 2d DCA 2005); Bader v. Meros, Smith & Olney, P.A., 916 So.2d 6, 6 (Fla. 2d DCA 2004); Guardianship of Halpert v. Martin S. Rosenbloom, P.A., 698 So.2d 938, 939 (Fla. 4th DCA 1997).

. 1 acknowledge that in Boyle, 485 So.2d at 879, this court reversed because "[ajllhough ... the record contained] sufficient, competent evidence upon which the trial judge could have based its award according to the criteria as set forth in Rowe, neither the record nor the order set[] forth any specific findings as required by Rowe." The opinion, however, did not explain why Rowe requirements are different from other statutorily imposed requirements or how the appellant demonstrated a "miscarriage of justice” as required by section 59.041. See also Maas, 541 So.2d 160 (following Boyle without further explanation); Shields, 502 So.2d 1349 (same).