296 So.2d 508 (1974)
Max AARONSON et al., Appellants,
v.
Roberto SUSI, Trustee, et al., Appellees.
No. 74-30.
District Court of Appeal of Florida, Third District.
June 18, 1974.
Berkell, Strauss & Benjamin, Miami, and Martin Hoffman, North Miami Beach, for appellants.
Lapidus & Hollander, Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
The several purchasers of apartments in a condominium apartment building filed an action against the sellers for damages, under § 711.24(3) Fla. Stat., F.S.A.,[1] alleging reasonable reliance on false and misleading information made by or under the authority of the sellers, specifically as to the number of apartments and as to *509 a certain common area which had been advertised and represented for use as a recreation room, gymnasium and sauna, having been eliminated by converting it into an extra apartment, with information thereof fraudulently withheld from the plaintiffs. On motion of the defendants the complaint was dismissed with prejudice, and the plaintiffs appealed.
The fact that an additional apartment was included, or was to be included in the building was disclosed to the purchasers in a letter presented to them at a meeting with the sellers' attorney at which the purchasers closed. Not stated to the purchasers by that letter or otherwise at the time of closing was that the said extra apartment was to replace, and thereby eliminate the common area and common area facilities above described.
The appellees argue that there was some architectual data attached to said letter from which it could have been determined by the purchasers that the extra apartment was to have that effect. The letter did not so state, nor did the sellers otherwise so inform the purchasers, and it is the contention of the latter that the data attached to the letter was not such that a purchaser could reasonably have been expected to glean therefrom the fact that the extra apartment would be substituted for the previously announced common area in question, when express reference and information regarding the same was withheld.
We agree with the trial court that the addition of an apartment to the 116 previously announced would not create a cause of action where the purchasers were clearly informed with regard thereto.
However, the loss of the recreational area, by conversion thereof into apartment No. 117, was a substantial matter, and the allegation that information with respect thereto was falsely made or withheld cannot be said to be refuted by the complaint and its exhibits. With reference thereto the complaint as amended stated a cause of action under the statute, and dismissal of the complaint was error. The assertion by the appellees in argument that another such recreational area has been substituted in a separate building is a matter of defense, which might have some bearing on the damages, but could not constitute a basis for dismissal of the complaint.
The order appealed from is reversed, and the cause is remanded for further proceedings.
NOTES
[1] Subsection (3) of § 711.24 provides:

"Any person who, in reasonable reliance upon any material, false, or misleading statements or information published by or under authority from the seller, in advertising and promotional materials, including, but not limited to, brochures and newspaper advertising, pays anything of value toward the purchase of, or acquiring an interest in, a condominium or cooperative apartment located in this state shall have a cause of action to rescind the contract or collect damages from the seller for his loss prior to the closing of the transaction by which he purchases or acquires the interest. After the closing of the transaction, the purchaser shall have a cause of action against the seller for damages under this section from the time of closing until one year after the date upon which the last of the events described in paragraphs (a) through (d) below shall occur. * * *"