502 So.2d 1252 (1986)
Joan KLINGER, Barbara Klinger, Robert Novak, Edith Novak, Irving Heller, Barbara Leonard, Marc Gellman, Jill Turner, Ruth Perleman, Ralph Jacobson, Beatrice Jacobson, Harold L. McGee, Dorothy McGee, Murray Hirsh, Zina Hirsh, Asbjoern Askvik, Janet Askvik, Giorgio Espinosa, Yamille Espinosa, Stanley Esratz, Riate Esratz, Maurice Fixel, Doroty Fixel, Gerri Newberg, Mary Certo, Giovanni Tummolillo, Elena Tummolillo, Paul Pavilack, Helene Caron, Jay Rios, H. Enriquez Ghimenti, Arnold Gordaesky, Phyllis Gordaesky, Jack Silver, Blanche Silver, James Parish, Joan Murphy Welsh, Jack Yosha, Georgeann Yosha, Leonard Perleman, Appellants,
v.
ZAREMBA FLORIDA COMPANY, an Ohio Corporation and Sentinel Communities, Inc., a Florida Corporation, Appellees.
No. 84-2066.
District Court of Appeal of Florida, Third District.
January 28, 1986.
On Rehearing December 30, 1986.
Rehearing Denied February 25, 1987.
Richard J. Burton, Miami, and Ann Mason Parker, Coral Gables, for appellants.
Layne, Bernstein & Brenner and Richard Bernstein and Susan J. Jacobs, Miami, for appellees.
Before BARKDULL, BASKIN and FERGUSON, JJ.
PER CURIAM.
The purchasers of condominium units in phases I and II of a IV phase condominium project, being developed pursuant to Section 718.403, Florida Statutes (1979), brought an action to enjoin the developers from constructing phases III and IV other than as shown in the original prospectus. They also sought to rescind pursuant to the provisions of Section 718.506, Florida Statutes (1979). A special master, after receiving evidence, found, among other things, that the purported development in Units III and IV was in "substantial compliance" with the original phase plan of development. The Condominium Act recognizes the right to construct in phases.[1] The condominium *1253 documents permit a change in the future unit phase development as long as such alterations of plans are in "substantial compliance" with the original.[2] The proper officials of Dade County found that the proposed changes were in "substantial compliance" as did the special master. This finding and conclusion was ratified and confirmed by the trial judge. We find no error and affirm. Groover v. Adiv Holding Company, 202 So.2d 103 (Fla. 3d DCA 1967); Daniels v. Lake Pleasant Land Company, Inc., 193 So.2d 679 (Fla. 4th DCA 1967); Dade County v. Trombly, 102 So.2d 394 (Fla. 3d DCA 1958).
As to the allegedly misleading advertisements and the rights under Section 718.506, Florida Statutes (1979), it is clear from the record that the advertising was not misleading at the time it was made and as aforesaid, the documents and the statutes permitted a change in Units III and IV, therefore no merit is found in claims under this statute.
We have examined the points raised on the cross appeal and find no merit therein. Chomont v. Ward, 103 So.2d 635 (Fla. 1958); Jackson v. Riley, 427 So.2d 255 (Fla. 5th DCA 1983); Procacci v. Zacco, 402 So.2d 425 (Fla. 4th DCA 1981); Berwick Corp. v. Kleinginna Investment Corp., 143 So.2d 684 (Fla. 3d DCA 1962).
The final judgment under review be and the same is hereby affirmed.
Affirmed.

ON MOTION FOR REHEARING
FERGUSON, Judge.
Appellants, owners of units in a townhouse development, contend that the developers' elimination of certain recreational facilities was, contrary to the trial court's finding, a substantial deviation from the original development plans.
Misty Lake South Condominium (Misty Lake) is a phase condominium project developed according to section 718.403, Florida Statutes (1979). The entire development was planned for completion in four phases. Phases I and II, where the unit owners live, consist of townhomes ranging in size from 1,000 to 1,600 square feet. These units were sold pursuant to condominium documents which represented that phases III and IV would, if constructed, be in substantial compliance with the plans on file with the appropriate governmental agency. The plans on file were those for phases I and II and they included, as recreational facilities, a jogging path and VITA course[1] around the lake. Relying on those representations, the owners bought units in phases I and II of Misty Lake.
The developers then altered their plans and, in place of phases III and IV of Misty Lake, built McArthur Park, a condominium with smaller units (667 to 877 square feet instead of the 1,000 to 1,600 square feet found in Misty Lake), different configurations, and lower prices. The construction of McArthur Park also totally eliminated the jogging path and VITA course around the lake.
The unit owners, claiming that these alterations were not in "substantial compliance" with the plans on file, brought an action to enjoin the developers from constructing McArthur Park. They also sought to rescind their contracts pursuant to the provisions of section 718.506, Florida Statutes (1979). The special master who heard the action found for the developers, ruling that the alterations were in "substantial compliance" with the original plans. The unit owners filed, in the circuit court, exceptions to the Special Master's Report. The unit owners' exceptions to the special master's findings were rejected by the circuit court. In this appeal the unit owners contend that the special master incorrectly found that the development of McArthur Park and the elimination of the *1254 jogging path and VITA course were not a substantial deviation from the original plan.
We are persuaded that there is merit in the unit owners' claims under section 718.506, Florida Statutes (1979), that they were misled by the developers' advertisements showing recreational areas as part of the condominium community, and that the elimination of the recreational facilities was, contrary to the special master's findings, substantial noncompliance.
Assuming that the substitution of the qualitatively inferior McArthur Park condominiums in place of the, as advertised, Misty Lake phases III and IV was not a substantial deviation from the overall development scheme, elimination of the jogging path around the lake and the VITA course certainly was.
The developers argue that since they were under no obligation to construct Misty Lake phases III and IV, they had no obligation to build the accompanying amenities because the amenities were not promised as features exclusive to Misty Lake phases I and II but were shown as part of the entire proposed development. In other words, the recreational facilities were shown as amenities common to the entire planned development and since a right was reserved to make nonsubstantial changes as to the individual units or not to develop them at all, it follows that the facilities common to the proposed development could also be eliminated in whole or in part. We disagree.
Even though the developers were not required to complete the final phases of the development, they made clear representations that, if completed, the total development would include the jogging path and VITA course. The owners of the units in phases I and II had a substantial interest in the recreational facilities as amenities to the expensive condominium units which they purchased. That interest is substantially greater than, and exists independent of, any they may have in the quality of units built in other phases of the condominium project.
Aaronson v. Susi, 296 So.2d 508 (Fla. 3d DCA 1974), an opinion of this court, supports the unit owners' position. In Aaronson we held that the condominium purchasers' complaint should not have been dismissed for failure to state a cause of action under section 711.24(3), Florida Statutes (1973), the predecessor of section 718.506, because the purchasers should have been told that an extra apartment unit could be substituted for the advertised recreational area. Elimination of the recreational area was found to be a "substantial matter."
Reversed and remanded for further proceedings consistent with this opinion.
BARKDULL, Judge, dissenting.
I respectfully dissent from the opinion on rehearing. I disagree that Aaronson, supra, controls. In the instant case the condominium documents permitted, under existing law, the elimination of phases III and IV. No such provision was cited in Aaronson, supra, and I would adhere to my original view.
NOTES
[1] Section 718.403(1) Florida Statutes (1979).
[2] "Notwithstanding the foregoing, the Developer acknowledges that plans have been filed with the appropriate agency in the county in which the property is located, and has agreed to substantially comply with the same for future construction, if, as and when the same takes place."
[1] A VITA course is an outdoor track with equipment at periodic stations for prescribed exercises.