550 So.2d 1131 (1989)
ZAREMBA FLORIDA COMPANY, an Ohio Corporation, et al., Appellants,
v.
Joan and Barbara KLINGER, et al., Appellees.
Nos. 88-1239, 88-2072 and 88-2170.
District Court of Appeal of Florida, Third District.
June 13, 1989.
On Motion for Rehearing September 12, 1989.
*1132 Brenner & Dienstag and Elizabeth J. Rickenbacker and Mark Dienstag, Miami, for appellants.
Ann Mason Parker, Coral Gables; Joyce M. Siemon, North Miami Beach, for appellees.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
This is an appeal by the defendants [Zaremba Florida Co., et al.] from certain orders awarding attorney's fees to the plaintiffs [Joan and Barbara Klinger] for being partially successful in prosecuting an appeal before this court in an action brought by condominium unit owners against a condominium developer. This court reversed a judgment entered in favor of the defendant condominium developer as to one count in the plaintiffs' complaint concerning misleading advertising as to the jogging path and vita course promised by the defendant developers. Klinger v. Zaremba Fla. Co., 502 So.2d 1252 (Fla. 3d DCA 1986), rev. denied, 513 So.2d 1064 (Fla. 1987). This court further granted the plaintiff unit owners' motion for appellate attorney's fees under Section 718.506(2), Florida Statutes (1987), and remanded the cause to the trial court to set the amount of the fees; the orders under review were entered in compliance with our attorney's fee order. We treat the instant notice of appeal as being, in effect, a motion under Fla.R. App.P. 9.400(c) to review all three orders entered by the trial court setting the amount of attorney's fees in compliance with our prior attorney's fee order. General Accident Ins. Co. v. Borg-Warner Acceptance Corp., 512 So.2d 344, 346-47 (Fla. 4th DCA 1987); Starcher v. Starcher, 430 So.2d 991, 993 (Fla. 4th DCA 1983); Craft v. Clarembeaux, 162 So.2d 325, 326 (Fla. 2d DCA 1964).
We grant the motion to review under Fla.R.App.P. 9.400(c), reverse the three orders below setting the amount of attorney's fees in this case, and remand for further proceedings. We reach this result because, simply stated, the plaintiffs Joan and Barbara Klinger were the prevailing parties on only one count of their nine-count complaint, and, under the circumstances of this case, were entitled to appellate attorney's fees generated only in connection with that one count, rather than all nine counts as the trial court concluded. This is so because the nine counts in the subject complaint were all independent actions involving different alleged wrongs in connection with the sale of condominium units  rather than being alternative theories of liability for the same wrong. Accordingly, upon remand, the trial court is directed to award appellate attorney's fees only in connection with the one count of the complaint on which Joan and Barbara Klinger prevailed on appeal. Folta v. Bolton, 493 So.2d 440, 442 (Fla. 1986); Florida Patients' Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985).
Our decision herein necessarily moots the separate appeal filed by the defendant developer seeking review of the denial of its motion to vacate the third attorney's fee order entered below. We also see no error in the denial of the motion for protective order.
Reversed and remanded.
PER CURIAM.
Appellees incorrectly assume that the court's opinion requires reduction of the *1133 attorney's fee award to one-ninth of the original amount. The opinion does not so state. The trial court on remand is to determine a reasonable time allowance for the count on which plaintiffs prevailed. The inquiry is for a fair allowance assuming the case had only involved the single issue. We do not assume that all of the counts were of equal difficulty. Moreover, some of counsel's work may be fairly attributable to all counts, or multiple counts. Such time may be included, so long as it is fairly attributable to the count on which plaintiffs prevailed. See Chrysler Corp. v. Weinstein, 522 So.2d 894 (Fla. 3d DCA 1988); Caplan v. 1616 East Sunrise Motors, Inc., 522 So.2d 920, 922 (Fla. 3d DCA 1988). We have only rejected the proposition that all nine counts were alternatives for each other, and thus have declined to affirm the original fee awarded. The fee should be adjusted on remand to fairly compensate for work reasonably related to the count on which plaintiffs prevailed.
The motion for rehearing is denied.
HUBBART and COPE, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
I would deny the motion for rehearing without opinion.