558 So.2d 85 (1990)
PARK LANE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Corazon DePADUA, Appellee.
No. 89-552.
District Court of Appeal of Florida, First District.
February 28, 1990.
Rehearing Denied April 4, 1990.
C. Warren Tripp, Jr. of Bedell, Dittmar, DeVault & Pillans, Jacksonville, for appellant.
S. William Goldstein of Goldstein & Goldstein, Jacksonville, for appellee.
NIMMONS, Judge.
Appellant, Park Lane Condominium Association, Inc. (the "Association"), appeals from an order denying its claim for attorneys' fees as a prevailing party under Section 718.303, Florida Statutes (1987). We reverse.
*86 The Association filed suit against appellee, Corazon DePadua, as a unit owner at the Park Lane Condominium complex. The complaint was in three counts. Count I sought injunctive relief requiring DePadua to remove or alter certain changes and improvements she had made to common area elements in violation of the Declaration of Condominium. Counts II and III, under alternative theories, sought damages sustained by the appellant as a consequence of DePadua's unauthorized alterations and defective repairs to condominium plumbing facilities.
In its final judgment, the court found in favor of the Association on the injunction count and in favor of DePadua on the two damage counts relating to the plumbing work. The court reserved jurisdiction to award attorneys' fees and costs.
Hearing was subsequently held on the Association's motion for attorneys' fees as the "prevailing party." In the appealed order, the court found that the Association's complaint presented distinct and severable claims. The court rejected the Association's contention that, because all the claims were interrelated and arose out of the same operative core facts, it should be regarded as the prevailing party. We have no problem with these findings by the trial court.
But instead of awarding attorneys' fees to the prevailing party as to each of the two severable claims, the order provided:
The thrust of Plaintiff's case appeared to be equally divided between the injunction and the damage counts. Therefore, it would seem appropriate in this case under the circumstances presented that each party pay and be responsible for their own attorneys' fees and costs.
Section 718.303(1), Florida Statutes (1987), provides in pertinent part:
(1) Each unit owner and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
(a) The association.
(b) A unit owner.
* * * * * *
The prevailing party in any such action or in any action in which the purchaser claims a right of voidability based upon contractual provisions as required in s. 718.503(1)(a) is entitled to recover reasonable attorney's fees. This relief does not exclude other remedies provided by law.
The leading and latest expression of the Florida Supreme Court dealing with a multi-count action, where each claim is separate and distinct and would support independent action, is Folta v. Bolton, 493 So.2d 440 (Fla. 1986). In that case, the Supreme Court said:
We hold that in a multi-count medical malpractice action, where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorneys' fees for those fees generated in connection with that claim... .
* * * * * *
If separate suits had in fact been filed and tried, the defendants would clearly have been entitled to attorneys' fees in those suits in which they prevailed ... We see no reason why this should not be the case where, as here, instead of filing multiple lawsuits the plaintiff joins all his claims in one suit, and loses one or more of these independent claims. In such a case, the defendant would be the "prevailing party" under Section 768.56 on those claims which are determined in his favor.
493 So.2d at 442, 443. Therefore, pursuant to Folta, the appellant, as the prevailing party on Count I, was entitled to attorneys' fees for services performed in connection with that claim, and appellee, as the prevailing party on Counts II and III, was entitled to attorneys' fees for services performed in connection with those claims.
Moreover, the law is well settled that when awarding attorneys' fees to a *87 prevailing party pursuant to statute, the trial court is required in its final judgment to make specific findings of fact in determining: (1) hourly rate; (2) reasonable number of hours expended under the case; and (3) appropriateness of increasing or decreasing the lodestar and the specific reason the lodestar was adjusted up or down. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986); Barton v. McGovern, 504 So.2d 457 (Fla. 1st DCA 1987). This requirement is mandatory notwithstanding the existence of competent substantial evidence upon which the trial court could have based its determination. Manuel, supra; Stewart v. Stewart, 534 So.2d 807 (Fla. 1st DCA 1988).
And so the correct procedure where claims are separate and divisible is that each should be given separate consideration under Rowe for the purpose of awarding attorneys' fees. The trial court, without making the requisite findings under Rowe, ruled that both parties prevailed and that each party should bear its own fees and costs. In this, the court erred.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
BOOTH and THOMPSON, JJ., concur.