619 So.2d 1027 (1993)
CONSOLIDATED SOUTHERN SECURITY, INC., Appellant,
v.
GENIAC AND ASSOCIATES, INC., d/b/a Studio & Co., Appellee.
No. 92-03472.
District Court of Appeal of Florida, Second District.
June 4, 1993.
John J. Cunningham, Jr., Fisher & Sauls, P.A., St. Petersburg, for appellant.
Mark M. O'Mara, Mark M. O'Mara, P.A., Winter Park, for appellee.
FRANK, Judge.
This case arises out of a series of contracts for graphics and design services by Geniac and Associates for Consolidated Southern Security, Inc. The contracts required that any dispute arising from them be submitted to binding arbitration. When Geniac sought but did not receive payment on allegedly unpaid contracts for services, the matter went to arbitration. Geniac's claims included (1) $7,658.00 plus a 2% monthly service charge for a Consolidated capabilities brochure, (2) $835.00 plus a 2% monthly service charge for a Consolidated *1028 stationery package, (3) $3,805.00 plus a 2% monthly service charge for a Consolidated corporate logo, (4) a total of $15.35 for 2% monthly service charges on three invoices Consolidated allegedly paid late, and (5) damages for the allegedly unauthorized use by Consolidated of the corporate logo. Consolidated, in turn, filed claims in arbitration against Geniac and Ruth Geniac, individually, asking for a declaration that Consolidated had the right to use the corporate logo, that Geniac and Ruth Geniac had no right to prevent Consolidated from using the logo, and that Geniac and Ruth Geniac be required to give whatever rights they might have to the corporate logo to Consolidated.
Geniac was awarded no recovery on the capabilities brochure claim. Geniac did prevail, however, on the corporate logo claim, the claim for transfer of the Consolidated logo copyright, the stationery claim, and the late invoices claims. After some minor modifications, the arbitration awards were confirmed in the circuit court. Upon entry of final judgment, both parties sought attorney's fees. That issue is before us on appeal.
The parties stipulated that the prevailing party on each claim was entitled to recover fees for that particular claim, and they also stipulated to a reasonable fee of $150.00 per hour. After a hearing, the trial court found that Geniac was entitled to fees in a total amount of $10,147.50. Recognizing that Consolidated had prevailed on the capabilities brochure claim, the judge reduced Geniac's fee by offsetting the time Consolidated had spent on that claim, and the $10,147.50 award reflected that reduction. Consolidated claims that the judge failed to award it fees to which it was entitled, and it has appealed. We agree.
According to the expert witnesses at the attorney's fee hearing, the corporate logo and the capabilities brochure issues were more complex than the other claims. The arbitrator had ruled that Geniac prevailed on six of seven claims, including the corporate logo, and that Consolidated prevailed on the capabilities brochure claim. Because these claims were separate and distinct, involving essentially separate contracts, the prevailing party on each distinct claim is entitled to an award of attorney's fees in connection with that claim. Folta v. Bolton, 493 So.2d 440 (Fla. 1986). Folta has been consistently followed in cases such as Zaremba Florida Co. v. Klinger, 550 So.2d 1131 (Fla. 3d DCA 1989), and Park Lane Condominium Association, Inc. v. DePadua, 558 So.2d 85 (Fla. 1st DCA 1990). The Folta rule is not applicable, however, when the litigation involves alternative theories of liability for the same wrong, or when there exists no right for the prevailing party to recover fees, but neither of those conditions is present in this case.
It appears that the trial judge recognized the rule in his order awarding fees but he applied it incorrectly. He attempted to "net out" the fees by subtracting from Geniac's award the time that Geniac's counsel spent on the capabilities brochure claim. The judge failed to account, however, for the time spent by Consolidated on the issue on which it prevailed. "[T]he correct procedure where claims are separate and divisible is that each should be given separate consideration under Rowe[1] for the purpose of awarding attorneys' fees." Park Lane Condominium Association, 558 So.2d at 87.
Consolidated's attorney testified that he spent 50.7 hours on either the capabilities brochure claim or on issues inextricably commingled with the capabilities brochure claim. In fact, he could extract only 10.4 of the total hours spent on the case as not somehow related to that claim. The cases do permit the court to include in the award time that was spent on all claims: "[S]ome of counsel's work may be fairly attributable to all counts, or multiple counts. Such time may be included, so long as it is fairly attributable to the count on which plaintiffs prevailed." Zaremba, 550 So.2d at 1133 (citing Chrysler Corp. v. Weinstein, 522 So.2d 894 (Fla. 3d DCA 1988); Caplan v. 1616 East Sunrise Motors, *1029 Inc., 522 So.2d 920 (Fla. 3d DCA 1988)). On that ground Consolidated has urged this court to direct the trial judge to enter judgment in its favor reflecting any time spent on the issue on which it prevailed. The assessment urged by Consolidated, however, is not automatic. The trial court on remand must determine the reasonable time allowance for the capabilities brochure claim. The trial court is entitled to accept or to reject the expert's testimony that the commingled time should be entirely attributable to the pursuit of that claim. See Chrysler Corp. v. Weinstein, 522 So.2d at 896.
Reversed and remanded for further proceedings in accordance with this opinion.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Patient's Compensation Trust Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).