NORTHCUTT, Judge.
Laurie M. Hanel challenges the summary foreclosure judgment entered against her in favor of the appellee, Crossland Mortgage Corp., based on false representations and nondisclosures in connection with the loan application process. We agree with the trial court that Hanel’s false statements were undisputed and material. Because there exists no genuine issue of material fact or the possibility of any issue, we must affirm the foreclosure judgment. See Gomes v. Stevens, 548 So.2d 1163, 1164 (Fla. 2d DCA 1989).
However, we reverse, in part, the order granting Crossland attorney’s fees in the amount of $18,000 to the extent the fees were for professional services rendered in connection with Crossland’s unsuccessful original motion for summary judgment as to nonpayment, alleged in count I of its complaint. The trial court failed to segregate the time expended on that endeavor before Crossland amended its complaint to add count III, alleging the misrepresentations.
Crossland has a contractual right to attorney’s fees. Such a right, no less than other provisions of a contract, must be enforced. See Garvin v. Squiers, 502 So.2d 47 (Fla. 2d DCA 1987). As the prevailing party on count III, Crossland is entitled to attorney’s fees in connection with that claim. See Consolidated Southern Sec., Inc. v. Geniac and Associates, Inc., 619 So.2d 1027, 1028 (Fla. 2d DCA 1993). But Crossland did not prevail as to count I. The correct procedure where claims are separate and divisible is that each should be given separate consideration under Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), for the purpose of awarding attorney’s fees. See *1121 Park Lane Condominium Ass’n, Inc. v. De-Padua, 558 So.2d 85 (Fla. 1st DCA 1990).
The trial court made the proper findings under Rowe as to the hourly rate, reasonable number of hours and the appropriateness of increasing or decreasing the lodestar in awarding attorney’s fees. However, it failed to segregate the time spent prosecuting count I. Our review of the record reflects that, beginning in May 1994, Crossland’s counsel expended time pursuing the litigation, but not until December 1994 did Cross-land amend its complaint to add count III. Attorney’s fees totalling $1,377.50 were incurred during this period. We do not determine that all of the hours expended prior to the amendment of the complaint relate solely to count I, but we remand this issue for the trial court’s determination.
Affirmed in part, reversed in part and remanded for further proceedings.
PARKER, C.J., and FRANK, J., concur.