PER CURIAM.
Amerivend appeals from a final order awarding $38,620.00 in costs and attorney’s fees. For the following reasons, we reverse and remand.
West Dade Ltd. leased twenty-four coin laundry facilities to Amerivend Corporation. In November, 1992, Amerivend filed this action seeking a declaratory judgment as to its rights under those leases. West Dade filed a counterclaim, alleging that the leases had expired and that it was entitled to possession. On February 19, 1993, three months after *68 the action was filed, West Dade prevailed on the issue of possession when the trial court entered a judgment on the pleadings. The trial court later determined that West Dade, pursuant to the leases, was entitled to attorney’s fees as the prevailing party on the issue of possession. No specific amount of fees was awarded until 1995.
Between 1993 and 1995 the parties litigated other matters that arose from new tenancies created by a new set of leases. Those leases contained no attorney’s fee provisions. The results of that litigation are not at issue in this appeal; the only issue in this appeal is the amount of attorney’s fees that the trial court awarded to West Dade following the entry of judgment on the pleadings in 1993.
We agree with Amerivend that the trial court abused its discretion in awarding West Dade $38,620.00 in fees for what amounted to only three months of minimal litigation— reflected by relatively no record activity — in late 1992 and early 1993. Our review of the record reveals that West Dade’s expert witness on the issue of fees was not able to differentiate between the attorney hours spent up until the time the judgment on the pleadings was entered, and hours expended on the remaining litigation. The witness testified that he was rendering his opinion based upon his review of the entire case. The award of fees based'upon that testimony was clearly excessive, as only a small portion of the litigation — the count for the right to possession — supports any award of fees. See Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986) (where each count of complaint was separate and distinct, prevailing party on distinct claim was entitled to an award of attorney’s fees “for those fees generated in connection with that claim.”); see also Zaremba Florida Co. v. Klinger, 550 So.2d 1131 (Fla. 3d DCA 1989) (award of fees for all counts was improper where party was entitled to award of fees on only one count of multi-count complaint with independent counts). In this case, the counts were not only independent; the later litigation proceeded on leases from which the attorney’s fee provision had been deleted.
In sum, we reverse the order awarding $38,620.00 in attorney’s fees to West Dade and remand with directions to hold further evidentiary proceedings to determine the amount of fees to which West Dade is entitled that are attributable only to the issue of possession, which was litigated in late 1992 and early 1993.
Reversed and remanded with directions.