PER CURIAM.
Appellants, Virginia Hokenstrom and Holly Hokenstrom, were co-owners of a condominium apartment at Environ Towers. Appellee, the condominium association, has a fífty-fíve and older age restriction for all residents. Appellee sought injunctive relief against appellants that would require Holly Hokenstrom, Virginia’s daughter, to vacate the unit because she was and still is under the age of fifty-five. A final summary judgment was issued and Holly Hokenstrom was ordered to vacate the condo within thirty days of the order. The court ultimately found the daughter in contempt of court because she failed to “vacate” the condo, continuing to spend several hours nearly every day at the premises for purported “remodeling and gardening,” and staying overnight on several occasions. For the reasons set forth below, we reverse the court’s order finding the daughter in contempt.
The daughter argued that the final summary judgment’s order to vacate was ambiguous, unclear and imprecise, and therefore her actions could not be deemed an intentional violation of the order. However, according to the court, the plain meaning of the word “vacate,” as used in the context of real estate law, is “to surrender occupancy or possession; to move out or leave.” Black’s Law Dictionary (9th ed. 2009). Therefore, the court held: “In no instance does the use of the word ‘vacate’ mean that the person ordered to vacate is permitted to spend several hours per day at the property in question.... Regardless of the nature of her activity, [the daughter] cannot be present at Unit 2-508 on such a frequent and routine basis and also be in compliance with this court’s Final Summary Judgment.”
We find that the trial court erred in holding the daughter in contempt based upon supposed violations of an ambiguous judgment. To be held in contempt of a court order, a party must have willfully and substantially refused to comply with a precise and unambiguous order. DeMello v. Buckman, 914 So.2d 1090, 1093 (Fla. 4th DCA 2005). In DeMello, this court explained:
When a final judgment or order is not sufficiently explicit or precise to put the party on notice of what the party may or may not do, it cannot support a conclusion that the party willfully or wantonly violated that order. See Keitel [v. Keitel], 716 So.2d [842,] 844 [(Fla. 4th DCA 1998) ] (mother’s relocation out of state with children could not serve as a basis for order of civil contempt where the final judgment of dissolution did not contain an express provision prohibiting the relocation). Even though a judgment of contempt is clothed with a presumption of correctness, one may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction. See id.; see also Lawrence v. Lawrence, 384 So.2d 279, 280 (Fla. 4th DCA 1980). Prior to assessing contempt sanctions for a violation of a court order, the trial court must first have issued a clear and unambiguous order or otherwise clearly established for the record the standards of conduct required by the court. See Carnival Corp. v. Beverly, 744 So.2d 489, 496-97 (Fla. 1st DCA 1999). Implied or inherent provisions of a final judgment cannot serve as a basis for an order of contempt. See Keitel, 716 So.2d at 844. Courts should be explicit and precise in their commands and should only then be strict in *800 exacting compliance. See Lawrence, 384 So.2d at 280.
Id. at 1093-94.
As a co-owner of the unit, the daughter has certain responsibilities under the Florida Statutes as well as the condominium’s bylaws and declarations that might require some degree of routine presence at the unit. The judgment entered by the trial court gives insufficient directives to the daughter as to how she can both fulfill these obligations and comply with the court’s order. The court simply ordered the daughter to “vacate” the condo without providing any further specificity. Under these circumstances, the term “vacate” could be interpreted in ways as might otherwise impair her ability to properly fulfill her co-ownership responsibilities, or so overbroad as to prohibit her presence at the condo even as an infrequent visitor. At the hearing on the motion for contempt, it was undisputed that since the final judgment was entered, the daughter had taken actions which included entering into a new lease agreement and moving to an apartment in another city where she receives her mail. A reasonable person could believe that the acts of moving out of the unit and signing a lease for a new apartment would be sufficient to comply with an order. to “vacate” the condo pursuant to the terms of the judgment.
In sum, the court’s final judgment does not provide sufficient direction about what the daughter must do to comply with its order, thereby rendering it imprecise and ambiguous. As such, the court’s finding of contempt was error.

Reversed.

TAYLOR, CONNER and KLINGENSMITH, JJ., concur.