DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ENVIRON TOWERS I CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**VIRGINIA HOKENSTROM** and **HOLLY HOKENSTROM,**
Appellees.

No. 4D14-3376

[November 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 10-44734 CACE 12.

Max R. Price of the Law Offices of Max R. Price, P.A., Miami, for appellant.

Kraig S. Weiss of Silverberg & Weiss, P.A., Weston, for appellees.

PER CURIAM.

With its roots in 2010, this case is part of an ongoing battle between a condominium association and unit owners. The Association obtained an injunction to enforce a provision of its Declaration of Condominium; the unit owners prevailed in a contempt proceeding brought by the Association to enforce the injunction. We reverse an order awarding attorney's fees to the unit owners and hold that (1) both the Association and the unit owners may recover attorney's fees, having prevailed in separate, distinct aspects of the case; (2) the Association is entitled to reinstatement of some fees awarded by the trial court, but later revoked; and (3) the trial court must make the specific findings required by Florida law in its award of attorney's fees.

*The Original Complaint for Injunctive Relief*

In November of 2010, Environ Towers I Condominium Association, Inc. sued unit owners Virginia and Holly Hokenstrom for injunctive relief pursuant to section 718.303, Florida Statutes (2010). The Association proceeded against Holly because she did not meet the 55+ age requirement

contained in the Declaration of Condominium. The Association's prayer for relief sought an order directing Holly to vacate the unit. Also, the Association sought attorney's fees under Article 20 of the Declaration and section 718.303. The Association prevailed, and on November 15, 2011, the circuit court entered an injunction requiring Holly to "vacate Unit 2-503 at the Environ Towers Condominium within thirty (30) days of the date of this Order."

The Hokenstroms appealed this final judgment, and this court affirmed without a written opinion. *See Hokenstrom v. Environ Towers I Condo. Ass'n,* 108 So. 3d 1105 (Fla. 4th DCA 2013) ("*Hokenstrom I*"). Using the language in our standard order, we also granted the Association's motion for appellate attorney's fees, conditioned on the trial court's determination that the Association was the prevailing party.

*The Association Files a Motion for Contempt to Enforce the Injunction*

While the injunction appeal was pending, the Association moved to hold Holly in contempt for willfully failing to "vacate" the property pursuant to the injunction. After a hearing, the trial court found Holly in contempt of court for failing to "vacate" the unit and "continuing to spend several hours nearly every day at the premises . . . and staying overnight on several occasions." *Hokenstrom v. Environ Towers I Condo. Ass'n,* 127 So. 3d 798, 799 (Fla. 4th DCA 2013) ("*Hokenstrom II*").

Holly appealed the contempt order and we reversed. *Id.* We held that, as it applied to the facts of the case, the language of the injunction was too "imprecise and ambiguous" to support a contempt finding. *Id.* at 800. We pointed out that the term "vacate" could be interpreted in ways that might "impair" Holly's ability to properly fulfill her responsibilities as a co-owner of the unit. *Id.* We noted that, after the final judgment, "the daughter had taken actions which included entering into a new lease agreement and moving to an apartment in another city where she receive[d] her mail." *Id.*

Finally, this court granted Holly's motion for prevailing party attorney's fees, conditioned on the trial court's determination that she was the prevailing party.

## Motions for Attorney's Fees
*The Association's First Motion for Fees*

While the injunction appeal in *Hokenstrom I* was pending, the Association moved for attorney's fees through December 2011. By agreed

order, the Hokenstroms deposited $17,500 into the court registry, to be released to the "prevailing party on appeal." After the mandate issued in *Hokenstrom I*, the trial court ordered the release of the $17,500 to the Association.

### *The Association's Second Motion for Fees*

After the conclusion of the appeal in *Hokenstrom I*, while the appeal of the contempt order in *Hokenstrom II* was pending, the Association moved for attorney's fees incurred between December 2011 and March 2013, at both the trial and appellate levels. In July of 2013, the trial court awarded the Association a total of $36,000 in fees; of this amount, $24,390 was attributable to the appeal in *Hokenstrom I*, $9,306.10 was attributable to the contempt proceeding, and $2,304.40 was unspecified.

### *The Hokenstroms' Motion for Fees*

After prevailing in the contempt appeal in *Hokenstrom II*, the Hokenstroms moved for trial and appellate fees incurred in defending against the motion for contempt and sought to vacate the July 2013 fee order to the extent that it awarded the Association fees related to the contempt proceeding.

The Association took the position that it was the *overall* prevailing party in the case and that the Hokenstroms were not entitled either to attorney's fees or to have the July 2013 order vacated.

The trial court found that the Hokenstroms were the prevailing party "on the issue of contempt" and vacated the July 2013 fee order in its entirety. After a hearing, the trial court awarded the Hokenstroms $41,529.50 in attorney's fees from the Association.

### **Discussion**

Both section 718.303 and Article 20 of the Declaration permit the award of attorney's fees to the different prevailing parties in the injunction action and the contempt action. Section 718.303(1) states that the "prevailing party" in an action "for injunctive relief" is "entitled to recover reasonable attorney's fees." An injunction is typically enforced by contempt. *See, e.g., Fernandez v. Kellner*, 55 So. 2d 793, 794 (Fla. 1952) (stating "[t]hat the court had the power and authority to punish as for a contempt the willful violation of its injunctive order cannot be questioned"); *see* Fla. R. Civ. P. 1.570(c). We therefore read section 718.303's reference to an action "for injunctive relief" as necessarily

3

including contempt proceedings seeking to enforce an injunction. Had Holly flouted the court's order and camped out full-time in the unit after the issuance of the injunction, the Association would likely have prevailed in the contempt proceeding and been entitled to attorney's fees under the statute.

Similarly, Article 20 of the Declaration allows for prevailing party attorney's fees in "any proceeding arising because of an alleged failure of a unit owner to comply with the terms of the declaration, by-laws, and rules and regulations adopted pursuant thereto." The contempt proceeding in this case falls under the broad umbrella of "*any* proceeding."

We reject the Association's argument that there can be but one prevailing party in enforcement litigation between a condominium association and a unit owner. The Association contends that unit owner-association disputes are essentially breach of contract cases subject to the "one prevailing party" rule set forth in *Hutchinson v. Hutchinson*, 687 So. 2d 912 (Fla. 4th DCA 1997). For this argument, the Association relies upon *Khodam v. Escondido Homeowner's Ass'n*, 87 So. 3d 65 (Fla. 4th DCA 2012), and *Hawkins v. Condominium Owners Ass'n of Sand Cay, Inc.*, No. 8:10–cv–650–T–30TBM, 2012 WL 4761357 (M.D. Fla. Oct. 5, 2012). However, both of these cases were initiated by unit owners as breach of contract cases. Neither case involved an injunction action or multiple claims arising from separate facts. More on point are cases holding that each prevailing party on separate and distinct claims between a unit owner and an association may be entitled to an award of attorney's fees in connection with that claim. *See Welleby Condo. Ass'n One, Inc. v. Brown*, 561 So. 2d 7 (Fla. 4th DCA 1990); *Park Lane Condo. Ass'n v. DePadua*, 558 So. 2d 85 (Fla. 1st DCA 1990).

The purpose of civil contempt is not to punish, but to obtain compliance with a court order. *See Bowen v. Bowen*, 471 So. 2d 1274, 1277 (Fla. 1985). Proceedings for civil contempt are "'instituted and tried as a part of the main cause.'" *Seaboard Air Line Ry. Co. v. Tampa S. R. Co.*, 134 So. 529, 532 (Fla. 1931) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 444–45 (1911)).[1]

---

[1]In *South Dade Farms, Inc. v. Peters*, 88 So. 2d 891, 899 (Fla. 1956), the supreme court described the nature of a civil contempt proceeding:

> A civil contempt proceeding naturally involves in some measure a transgression against the dignity of the court and the prestige of its order, however, it is in actuality a proceeding between the parties to the cause and is instituted and tried as a part of the main case.

When used to enforce compliance with an injunction, a civil contempt arises from different facts than those that gave rise to the original final decree, so it is separate and distinct from the proceedings giving rise to the injunction. *See Fid. Warranty Servs., Inc. v. Firstate Ins. Holdings, Inc.*, 98 So. 3d 672, 678 (Fla. 4th DCA 2012); *River Bridge Corp. v. Am. Somax Ventures*, 76 So. 3d 986 (Fla. 4th DCA 2011); *Ares v. Cypress Park Garden Homes I Condo. Ass'n*, 696 So. 2d 885 (Fla. 2d DCA 1997). For this reason, the Association was entitled to recover attorney's fees for legal work pertaining to the injunction, and the Hokenstroms were entitled to recover fees for prevailing in the contempt action.

We agree with the Association that it is entitled to the reinstatement of that portion of fees in the July 2013 order attributable to the original appeal of the injunction action. Further, the award of attorney's fees to the Hokenstroms was infirm because the trial judge failed to make the findings required by *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985). *See Levine v. Keaster*, 862 So. 2d 876, 881 (Fla. 4th DCA 2003).

On remand, the trial court shall enter a new judgment that complies with *Rowe*, awarding attorney's fees to the Hokenstroms for prevailing in the contempt action. Any amount awarded to the Hokenstroms should be reduced by the amount of fees the court restores to the Association from the July 2013 order.

*Reversed and remanded.*

GROSS, TAYLOR, JJ., and SHEPHERD, CAROLINE, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

It should be considered more nearly in the nature of a civil proceeding between the parties, and to the extent appropriate rules governing civil causes should apply. When a judgment or decree in favor of one party is disregarded or violated by another party to the injury of the former, it is then appropriate for the injured party to call upon the court to exercise its contempt powers in the enforcement of its decrees for the benefit of the party in whose favor the decree has been entered.